FILED
CHARLOTTE, N. C.

SEP 22 2009

U. S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:07CR119-FDW

| | |
|---|---|
| UNITES STATES OF AMERICA ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| v. ) | |
| ) | |
| JAIME LIGATOR. ) | |

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty, and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(8), 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c) (incorporating 18 U.S.C. § 981(a)(1)(C) in this proceeding):

> All funds, in an approximate amount of $200,000.00, delivered via Cashier's Check written to the United States Marshals Service and seized by an agent of the United States Postal Inspection Service on September 22, 2009 (hereafter, "specifically identified property"); and
>
> Any and all currency and monetary instruments that were received during, involved in, or used or intended to be used to facilitate the crimes alleged in the Bill of Indictment, including but not limited to the sum of approximately $2,600,000.00 in proceeds and funds involved in the alleged violations.

2. The United States Marshals Service, and/or other property custodian for the investigative agency took possession of the above-described specifically identified property on September 22, 2009 and will maintain custody of the property;

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specifically identified property, and shall publish notice of this forfeiture as required by law;

4. Any person, other than the Defendant, asserting any legal interest in the specifically identified property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest;

5. Following the Court's disposition of all timely petitions filed, a Final Order of Forfeiture shall be entered as to the specifically identified property above. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property and shall dispose of the property according to law; and

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby

withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY

_____
PETER B. LOEWENBERG
Senior Trial Attorney

_____
PATRICK DONLEY
Senior Litigation Counsel

_____
JAIME LIGATOR,
Defendant

_____
HUGO A. RODRIGUEZ, ESQ.
Attorney for Defendant

Signed this the 22nd day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE